# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 4, 2007**

Charles R. Fulbruge III
Clerk

No. 07-60048
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER SANDS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CR-23-ALL

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Christopher Sands was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and was sentenced to 120 months of imprisonment. He challenges the sufficiency of the evidence to support his conviction. This court reviews his sufficiency challenge to see whether a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government, giving the Government the benefit of all reasonable inferences

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and credibility choices. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc); see also United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994).

Sands does not challenge the Government's proof on any of the elements of the offense; instead, he contends that the evidence establishes that he was forced to handle a gun to defend himself and that he therefore cannot be guilty as a matter of law. The defense of justification was presented to the jury and included in the court's jury instructions. Viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient to support a finding of guilt and a rejection of the theory of justification. Specifically, reasonable jurors could rationally conclude that Sands did not possess the gun in self defense because there was no imminent danger of harm and/or because he placed himself in danger based on eyewitness testimony that the victim did not have a gun prior to or after the shooting; eyewitness testimony that only one or two shots were fired, and two bullets were recovered from the victim's body; the fact that no gun other than Sands' was discovered at the crime scene; the fact that the .32 caliber gun Sands' mother surrendered to police three days after the event, which gun was purportedly the victim's, did not match the .34 caliber spent casing officers recovered from the scene; and Sands' own admission to investigating officers immediately following the incident that he was the first to pull a gun, not the victim.

The essence of Sands' argument on appeal is that the jury should have accepted his version of events, which established all of the required elements of the justification defense. However, this court will not reweigh the evidence or second-guess the jury's credibility determinations. United States v. Mathes, 151 F.3d 251, 252 (5th Cir. 1998).

The district court's judgment is AFFIRMED.